DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICHARD H. GREENLEE,**

               **Plaintiff,**

**CIVIL ACTION**

**v.**

**No. 06-2167-CM-DJW**

**UNITED STATES POSTAL SERVICE,**

               **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Americans with Disabilities Act ("ADA").[2] Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (doc. 2) and a Motion to Appoint Counsel (doc. 3). He has also filed a pleading entitled "Motion to the Intent for the Right to Sue" (doc. 7).

**I.     Motion for Leave to Proceed in Forma Pauperis**

Plaintiff has submitted an affidavit of financial status in support of his Motion for Leave to Proceed in Forma Pauperis. The Court finds, based on the affidavit submitted by Plaintiff, that his request for leave to file action without payment of fees, costs or security should be granted.

The Clerk shall issue summons for Defendant. Service of the summons and Complaint shall be effected by the United States Marshal or a deputy United States Marshal who are hereby appointed for such purpose pursuant to Federal Rule of Civil Procedure 4(c)(2).

---

[1] 42 U.S.C §§ 2000e, *et seq.*

[2] 42 U.S.C. §§ 12101, *et seq.*

## II. Motion to Appoint Counsel

The district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action.[3] The discretion granted to the court is extremely broad.[4] A plaintiff has no constitutional or statutory right to appointed counsel in a federal civil case.[5]

To guide the court's discretion, the Tenth Circuit has identified several factors to be considered when evaluating a motion for appointment of counsel in a Title VII case.[6] Before counsel may be appointed, the plaintiff "must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[7] Any one of these factors may be determinative in a given case.[8]

Plaintiff's Motion to Appoint Counsel is clearly deficient in that he has failed to complete that part of the motion which asks him to provide information about the attorneys he has contacted in an attempt to obtain representation. There is nothing in the motion or the Court record to indicate that Plaintiff has made any attempt to contact counsel to represent him in this action. The Court

---

[3]*Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). *See also* 42 U.S.C.§ 2000e-5(f)

[4]*Castner,* 979 F.2d at 1420.

[5]*Id.*

[6]*Id.*

[7]*Id.* at 1421.

[8]*Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986).

2

therefore does not find that Plaintiff has been diligent in attempting to secure counsel and must deny Plaintiff's Motion to Appoint Counsel on this basis.[9]

### III.  "Motion to the Intent for the Right to Sue"

With respect to this motion, Plaintiff has failed to comply with D. Kan. Rule 7.6.  That rule requires moving parties to provide a concise statement of the facts and provide argument and authorities that support their motions.  Plaintiff fails to provide any relevant factual information, argument, or legal authorities that would permit the Court to understand or analyze the issues.  Although he attaches numerous documents to the motion, he fails to explain what those documents are and how they relate to his motion.  In addition, Plaintiff's motion does not comply with Federal Rule of Civil Procedure 7(b)(1), which requires motions to "state with particularity the grounds therefor" and to "set forth the relief or order sought."

The Court is mindful that Plaintiff is—at least at the present time—proceeding *pro se.*  The Court typically makes reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights because of their lack of legal training.  In this instance, however, the Court is simply unable to discern the nature of relief that Plaintiff seeks and is therefore unable to entertain the motion.  Accordingly, it will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (doc. 2) is granted.

---

[9]In denying the motion, the Court makes no ruling as to the third factor, i.e., whether Plaintiff's allegations of discrimination have merit.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (doc. 3) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to the Intent for the Right to Sue" (doc. 7) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 11th day of July 2006.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties