DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICHARD H. GREENLEE,**

        **Plaintiff,**

                                  **CIVIL ACTION**

v.

                                  **No. 06-2167-CM-DJW**

**UNITED STATES POSTAL SERVICE,**

        **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay Discovery Pending Ruling on Its Dispositive Motion (doc.16). Defendant has filed a motion to dismiss (doc. 14), asserting, *inter alia*, that Plaintiff's tort and disability discrimination claims are barred by the doctrine of sovereign immunity. Defendant's motion also asserts that the Court lacks subject matter jurisdiction over Plaintiff's employment discrimination claims. It also asserts that many of Plaintiff's claims are barred by the doctrine of res judicata. Plaintiff has filed no opposition to either the Motion to Dismiss or the Motion to Stay.

The Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States.*[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994)

facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

The Court also finds a stay to be appropriate given that Defendant's Motion to Dismiss raises issues as to sovereign immunity.  It is well settled that a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4]  The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, Defendant's Motion to Stay (doc. 16) is granted.  All pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures and discovery, are hereby stayed until the Court has ruled on the pending Motion to Dismiss (doc. 14).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of September, 2006.

s/David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[2] *Id*. (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

[4] *Id*. at 232.

[5] *Id*. at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).