## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICHARD H. GREENLEE,       )
                                )
           Plaintiff,     )
                                )
v.                          )
                                )     No. 06-2167–CM
                                )
UNITED STATES POSTAL SERVICE,  )
                                )
           Defendant.   )
_____)

## MEMORANDUM AND ORDER

Plaintiff Greenlee brings this pro se action against defendant United States Postal Service. The case is before the court on Defendant's Motion to Dismiss (Doc. 14), Plaintiff's Objection to Order of Magistrate Judge (Doc. 35), and what has been docketed as Plaintiff's Motion for Leave to Amend Complaint (Doc. 37). Because this district has repeatedly considered plaintiff's allegations against defendant, the court is precluded from revisiting plaintiff's claims. The court finds no error in the Magistrate Judge's opinion. Lastly, the court grants defendant's request for filing restrictions.

## I.     Background

Plaintiff filed this pro se action on May 1, 2006. Plaintiff alleges that defendant discriminated against him based on every protected basis. To remedy this claimed harm, plaintiff requests to be rehired as an employee of defendant with back pay and reciprocal benefits, and "5,000,000 million [dollars]." Included in the complaint, plaintiff noted that he brought the court's attention to his circumstances in "1989, 1993, 1996, 2003, 2004, 2005[,] 2006" and provided "voluminous exhibits."

Plaintiff's filings demonstrate an obsessive fear about the capabilities and actions of

defendant. Generally, plaintiff believes that defendant "uses everything they can think of to terrorize [plaintiff] and torture [him] as a party." This includes hitting plaintiff "so hard for the last two years in tresstrial and in real life situations," and monitoring plaintiff's location for over two years. In addition, plaintiff informed the court that "they broke into a locked truck with new lock and then into another lock box by pulling the pin out of the box and stole documents . . . . [Plaintiff] would like this documents returned if found and the parties prosecuted for identity theft. This has been going on for to long, every time [plaintiff] thinks its safe they do again and again." Similarly, plaintiff repeatedly accuses defendant of "stalling out" his transportation with "civil defense and military defense satelite systems and radio satelite or transmission to a satelite with a burst of power to bounce and directed hit to [plaintiff's] transportation electrical system to demagnatise the whole system." Plaintiff has alleged these actions against defendant in four previous cases.

## II.    Analysis

## A.    Objection to Order of Magistrate Judge

On October 23, 2006, plaintiff filed a motion entitled "Motion for More Definite Statement." Instead of requesting that defendant provide a more definite statement, plaintiff's motion was a forty-one page document that restated his claims against defendant and quoted statutory language at length. Defendant suggested that the document responded to the dispositive motion discussed below. According to the docket sheet, Magistrate Judge Waxse denied the motion, noting that "the Court is unable to understand the basis for the relief sought."

## 1.    Standard of Review

Motions for more definite statement are nondispositive motions. *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary

-2-

judgment"). The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate court's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**2.      Motions for More Definite Statement Standard**

The filings of pro se parties are subject to the Federal Rules of Civil Procedure. *Williamson v. Owners Resort & Exch.*, 90 F. App'x 342, 345 (10th Cir. 2004). The Federal Rules of Civil Procedure require complaints to be comprehensible and provide a "'short and plain' statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims." *Id.*; Fed. R. Civ. P. 8(a)(2).

After reviewing plaintiff's Motion for Definite Statement (Doc. 32), the court remains unsure of the nature of plaintiff's request. Plaintiff does not address coherently any previous filings by defendant. Plaintiff's objection, entitled "Motion to Appeal for More Difnite [sic] Statement" does not attempt to clarify his denied request. Because this court is also unable to understand plaintiff's request, it finds no clear error in Magistrate Judge Waxse's denial of the motion.

Plaintiff's objection includes a request for a hearing with the postal service or postmaster general to allow him to regain employment and "to rid the discrimination in the postal service." Because discovery has been stayed pending resolution of the present motions, such a request is inappropriate. Plaintiff's Objection (Doc. 35) is denied.

**B.      Motion to Amend Complaint**

On December 8, 2006, plaintiff filed a motion entitled "Motion to Complaint to Detering [sic] the Applicant." This motion was docketed as a Motion for Leave to Amend Complaint (Doc. 37). This motion requests a hearing with "John E. Potter and the postmaster of Shawnee Mission, Ks and KC, Ks" and alleges defendant discriminated against plaintiff on June 27, 2006 and September 26, 2006 by not hiring him for a postal service position. Included with this document is a United States Postal Service Equal Employment Opportunity case file numbered 4E-640-0033-06, which was apparently filed on March 13, 2006. Plaintiff's motion acknowledges that this case is still awaiting decision from the EEOC. Lastly, plaintiff warns that he will apply for a position with defendant again in December and will file another complaint if he is not hired.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once before a responsive pleading is served. Defendant concedes that it has not filed a responsive pleading and that plaintiff is allowed to amend his complaint. The nature of the additional claims, however, requires further analysis before plaintiff's motion is granted.

Before bringing claims for employment discrimination under Title VII, the Age Discrimination in Employment Act, or the Americans with Disabilities Act, a plaintiff is required to exhaust administrative remedies. *Porter v. Potter*, No. 04-4138-SAC, 2006 WL 1006882, at *1 (D. Kan. Apr. 13, 2006) (applying this requirement in a postal-service-employment context). The purpose of this prerequisite is to ensure that employers have notice of the charges and to provide employers with an opportunity to voluntarily alter any illegal behavior. *See Aguirre v. McCaw RCC Commc'ns, Inc.*, 923 F. Supp. 1431, 1433 (D. Kan. 1996). After a plaintiff has complied with this administrative requirement, he or she may file suit. "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show by competent evidence that she did exhaust." *McBride v. CITGO*

*Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

Plaintiff fails to show that he has exhausted administrative remedies for his additional claims. Plaintiff has not explained how his new claims relate to the case file included.  Plaintiff does not discuss a "right to sue" letter.  Moreover, plaintiff admits that the case is still pending before the EEOC.  Plaintiff's warning that he will file another complaint if he is not hired after his December application further indicates that he does not appreciate the exhaustion requirement.

Without exhaustion for the new claims, the court lacks subject matter jurisdiction over these additional claims.  As a result, the court could either grant plaintiff's Motion to Amend and then dismiss the additional claims for lack of subject matter jurisdiction, or deny plaintiff's motion as futile.  Because the end result is the same, Plaintiff's "Motion to Complaint to Detering the Applicant." (Doc. 37) is denied.

**C.      Motion to Dismiss**

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Defendant contends that plaintiff will be unable to obtain relief because of the doctrine of res judicata.  Plaintiff filed this case on May 1, 2006, only five months after filing another case in this

district against defendant.  On August 23, 2006 the prior case was dismissed for lack of subject

matter jurisdiction relating to failure to exhaust administrative remedies, sovereign immunity, and

the appropriate statutes of limitations.  *Greenlee v. U.S. Postal Serv.*, No. 05-2509-JWL, 2006 WL

2460645 (D. Kan. Aug. 23, 2006).  Dismissal for lack of subject matter jurisdiction is not a

judgment on the merits, which is required for res judicata to apply.  *See Williams v. Sprint/United*

*Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 279041, at n.1 (D. Kan. Feb. 3, 2006) (listing cases from

different circuits); *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (listing judgment

on the merits as an element of res judicata).  Because the prior judgment was not on the merits, the

doctrine of res judicata does not apply.

On the other hand, under the doctrine of issue preclusion, "'[w]hen an issue of ultimate fact

has once been determined by a valid and final judgment, that issue cannot again be litigated between

the same parties in any future lawsuit.'"  *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir.

2002) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

> Four elements must be demonstrated in order to trigger issue
> preclusion: "(1) the issue previously decided is identical with the one
> presented in the action in question, (2) the prior action has been fully
> adjudicated on the merits, (3) the party against whom the doctrine is
> invoked was a party, or in privity with a party, to the prior adjudication,
> and (4) the party against whom the doctrine is raised had a full and fair
> opportunity to litigate the issue in the prior action."

*Id.* (quotations omitted).

Here, the issues of ultimate fact are the findings underlying subject matter jurisdiction

analysis.  Plaintiff's complaint is substantively identical to the complaint in the prior case.  In lieu of

providing more clarification about how his present claims differ from previous claims, plaintiff

responded to the form complaint prompt "[t]he facts surrounding my claim of discrimination are:"

with the statement "all true to the list on previous pages."  The date of the claimed "right to sue

letter" is the same for both complaints.    Because plaintiff has not shown that the status of administrative remedies or that the nature of his claims have changed, the determinations necessary for subject matter jurisdiction are identical to those made in the prior case.

The court also recognizes plaintiff's "Motion to the Intent for the Right to Sue" (Doc. 7), filed on May 22, 2006.  In this document, plaintiff claims to "abrogate from [his] previous case" his claims related to "discrimination, civil rights, and American with disabilities [sic]."  Included in this filing are what appear to be two right to sue letters, dated August 31, 2005 and June 17, 2005—both included in the filings of the prior case.  Plaintiff did not file a corresponding document "abrogating" these claims from the prior case.  In fact, plaintiff's August filings in the other case continue to reference employment discrimination and civil rights violations.  Similarly, plaintiff requested in another filing (Doc. 12) that this court consider all of the documents from the other case as exhibits in this case.  This further indicates that the present claims are identical to those previously filed.

Second, the court examines whether the prior action was fully adjudicated on the merits. While a dismissal for lack of subject matter jurisdiction is not fully adjudicated on the merits, the prior order determined the questions of administrative-remedy exhaustion, sovereign immunity, and the applicability of statutes of limitations.  Such determinations are fully adjudicated on the merits. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 469 (D. Kan. 1999) ("After reviewing the case law, the Court determined that issues decided as part of a dismissal for lack of jurisdiction are fully adjudicated on the merits.") (citations omitted).  That plaintiff has appealed the decision does not imply the issue is not fully adjudicated.  *Bui v. IBP, Inc.*, 205 F. Supp. 2d 1181, 1189 (D. Kan. 2002) ("The pendency of the appeal does not alter the finality of the case for purposes of res judicata or collateral estoppel.").

Third, plaintiff was a party in the prior action.  Fourth, plaintiff had a full and fair

opportunity to litigate the prior issue.  In the prior case, plaintiff filed a response memorandum

opposing the motion to dismiss.  Additionally, plaintiff filed several other documents between when

defendant filed the motion to dismiss the prior case and the order dismissing the prior case.  Plaintiff

has not provided any indication that he was unable to fully and fairly litigate the prior issue.

Because the determinations necessary for deciding whether the court has subject matter

jurisdiction over plaintiff's claims have already been made by a valid and final judgment, and

plaintiff has not provided any reason to reconsider those determinations, it is inappropriate for this

court to revisit those questions.  Thus, this court applies the same determinations regarding

plaintiff's failure to exhaust administrative remedies, sovereign immunity, and the application of

statutes of limitations.  As a result, this court lacks subject matter jurisdiction over plaintiff's claims.

Defendant's Motion to Dismiss (Doc. 14) is granted.

## D.    Filing Restrictions

As in the prior case, defendant requests that the court impose filing restrictions on plaintiff.

Filing restrictions are appropriate if they respond to "lengthy and abusive" litigation history.

*Guttman v. Wildman*, 188 F. App'x 691, 698 (10th Cir. 2006).  The litigant must receive notice prior

to the implementation of such restrictions.  *Id.*  The restrictions must be carefully tailored for the

circumstances and provide guidelines for the litigant for how to obtain permission to file an action.

*Id.*

In the August 23, 2006 Order dismissing plaintiff's prior case, Judge Lungstrum provided a

summary of plaintiff's filing history:

> The record before the court reflects that this lawsuit is the fourth
> lawsuit that plaintiff has filed against his former employer since 1993.  In
> the first, Judge Vratil dismissed plaintiff's claims on the merits, *see*
> *Greenlee v. Runyon*, 1994 WL 114280 (D. Kan. Mar. 29, 1994), and the
> Circuit affirmed that decision in an Order and Judgment. There is nothing

-8-

> in the record before the court indicating that Judge Vratil determined
> plaintiff's claims to be frivolous or his lawsuit to be abusive.  Indeed,
> Judge Vratil appointed counsel to represent plaintiff in that case.
> Plaintiff's second case was dismissed sua sponte by this court for failure
> to prosecute (plaintiff had never attempted to serve defendant) after
> plaintiff failed to respond to two orders to show cause issued by the court.
> Again, this court made no determination that plaintiff's claims were
> frivolous or abusive.  Plaintiff's third case was dismissed by Judge
> VanBebber as "fanciful and delusional" and that decision was affirmed by
> the Tenth Circuit.  *See Greenlee v. United States*, 2006 WL 1004726, at *1
> (10th Cir. Apr. 18, 2006).

*Greenlee v. U.S. Postal Serv.*, No. 05-2509-JWL, 2006 WL 2460645, at *2 (D. Kan. Aug. 23, 2006).

Judge Lungstrum determined that based on this record plaintiff has not "abused the judicial process sufficiently to warrant filing restrictions because the record did not indicate that plaintiff continued to file identical claims."  Lastly, Judge Lungstrum noted that "[t]he court does not mean to suggest that it would not impose filing restrictions if plaintiff files yet another case with similar unintelligible and delusional allegations against this defendant."

The filings in this case clearly satisfy the preconditions for filing restrictions given in Judge Lungstrum's warning.  Plaintiff's present claims are identical to his prior case.  Plaintiff again makes allegations against defendant that challenge logic and reality.  Although plaintiff filed this case—his fifth against defendant—before Judge Lungstrum issued the quoted history and warning about future actions, plaintiff's unwillingness to wait for the resolution of one case before filing identical claims is an abuse of the court's time and resources.  Plaintiff's latest filing—filed after Judge Lungstrum's warning—indicates that plaintiff is considering filing another lawsuit.  Plaintiff's claims have become overlapping in addition to "delusional."

Because plaintiff has disregarded prior warnings and continues to pursue claims against defendant that have been dismissed and described as "delusional," filing restrictions are appropriate.

Plaintiff is prohibited from filing another case in this district against this defendant, unless he is represented by counsel or, if he proceeds pro se unless he provides a notarized affidavit that verifies with particularity that the new action is commenced on grounds that are distinguishable from those previously dismissed.  Any proposed complaint against defendant must list all previous actions against defendant and provide notice of this filing restriction. Upon compliance with these requirements, the court will review the complaint and determine whether it should be accepted for filing.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection (Doc. 35) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Complaint to Detering the Applicant" (Doc. 37) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is granted.

**IT IS FURTHER ORDERED** that filing restrictions be imposed against plaintiff as stated.

Dated this  17th  day of January  2007, at Kansas City, Kansas.

 s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**